155

In the Matter of Proceedings to Establish a Settlement of LORENZO YOUNGS.

County Court, Lewis County, October 5, 1939.

*Joseph W. Singer*, for the town of Lowville.

*Edward M. Sheldon*, for the town of Martinsburg.

MORAN, J.    A part of the facts are conceded and there appears to be no dispute as to the remaining facts established by the town of Lowville, namely, Lorenzo Youngs is married, has a wife and children; he had a settlement in the town of Martinsburg, Lewis county, on March 3, 1937; on that date he moved to the town of Lowville, where he remained until April 18, 1938; at the time of his removal he was working on the Lowville sewer, a W. P. A. project, where he continued to work until May 20, 1937, at which time he left W. P. A. and went to work for the county of Lewis, on county highways; he continued in such employment until about October 26, 1937, when he returned to W. P. A. work, and continued on W. P. A. work until May 10, 1938, when he again left this work for private employment.

Prior to his removal to Lowville on March 3, 1937, Youngs had received home relief from the town of Martinsburg; he did not receive other home relief until January, 1939, at which time he received a home relief order from the town of Lowville and continued to receive home relief through the months of January, February, March, April and into May, of the year 1939.

The town of Martinsburg denied the settlement of the recipient and the welfare officer of the town of Lowville, pursuant to subdivision 2 of section 58 of the Public Welfare Law, applied to the commissioner of the county of Lewis for a hearing and on June 19, 1939, George F. Hart, county commissioner, ruled that the settlement of Lorenzo Youngs was in the town of Lowville. From this decision of the commissioner, the welfare officer of the town of Lowville, pursuant to section 58 aforesaid, appealed to this court and a new trial of the matter was had.

Lorenzo Youngs resided continuously in the town of Lowville from March 3, 1937, until April 18, 1938, when he returned to the town of Martinsburg. During this period of time he did not receive home relief but was employed from March 3, 1937, until May 20, 1937, and from October 26, 1937, until May 10, 1938, on the Lowville sewer W. P. A. project as a common laborer.

It must be conceded that unless his employment on W. P. A. is relief, within the meaning of section 56 of the Public Welfare Law, Lorenzo Youngs gained a settlement in the town of Lowville. On the other hand, if work on W. P. A. is relief, then Lorenzo Youngs retained his settlement in the town of Martinsburg.

Section 56 of the Public Welfare Law, in effect on March 3, 1937, reads as follows: " No person shall gain a settlement in a town of city except by residing for one year continuously without receiving public relief or care at the expense of any such town or city or or any other town, city or county or of any State or civil division thereof or of the United States of America." Subsequent amendments did not alter this provision of the law.

Under this wording of our statute can it make any difference in establishing his settlement whether Youngs received aid through a food order or whether he received aid through a relief project? I think not. No one would question but what he were on relief, if, after being certified as a relief recipient, he worked on a town wood lot or quarry. So how can it be said that he is not on relief when he is certified to a W. P. A. project, relief work, as a relief recipient by the local welfare officer; it is necessary for him to have received local relief to be certified for W. P. A. work.

W. P. A. projects, of which the Lowville sewer project was one, are set up under the Federal Emergency Relief Appropriation Acts, which acts contain the words: " To continue to provide relief and work relief." The projects for which the appropriations are made are Federal and non-Federal, " (d) public utilities, including sewer systems," and the act further provides: " That no portion of the funds hereby appropriated shall be allocated or used for any purpose except to provide relief or work relief for persons in need."

In determining this question, I am not unmindful of department rulings; also, that our last Legislature added a new paragraph to section 56 of the Public Welfare Law specifically bringing within the provisions of relief any wage or payment of any kind. I can see no distinction between relief furnished through orders for provisions or through cash furnished to the recipient, even if for services performed on relief work, so long as the money that pays the bill comes from the public money drawer, labeled relief, whether town, city, State or Federal.

" Work on a W. P. A. project must be considered as and is relief in its generally accepted application and effect." (*Matter of Matruski*, 169 Misc. 316, 322.)

Work relief has been held in *Manning* v. *State* (123 Conn. 504; 196 A. 777) to be " ' Wages paid by a city or town from money specifically appropriated for the purpose or from money provided by the Federal government or any agency thereof to persons unemployed or whose employment is inadequate to provide the necessities of life.' "

Therefore, I hold that Lorenzo Youngs was a relief recipient within the meaning of section 56 of the Public Welfare Law, and as such did not gain a settlement in the town of Lowville during the period from March 3, 1937, to April 18, 1938.

The decision of the county commissioner made on June 19, 1939, is reversed.

An order may be made and entered accordingly.